Dear Representative Riddle:
This office is in receipt of your request for an Attorney General's opinion regarding the purchase of prior service retirement credit for two employees of the Avoyelles Parish District Attorney's office. According to your correspondence, the two employees in question have been enrolled in the Parochial Employee's Retirement System since 1991. However, one of these employees has worked for the District Attorney's since 1981, and the other has been employed since 1973. As noted in your letter, the Parochial Employee's Retirement System has provided these employees with invoices for prior service credit, which invoices set forth the amount representing: (a) the employee/member's contribution plus interest, (b) the employer's contribution plus interest and (c) the balance of actuarial costs not attributable to contributions and interest.
The undersigned has had the opportunity to discuss this matter with you and with Mr. Thomas Sims, the Administrative Director of the Parochial Employees Retirement system. It is our understanding that the System has now received payment in full for the purchase of prior service credit for each of the employees in question. You have advised that each employee paid the portion representing his or her own contribution plus interest, as is appropriate.
It is our understanding that at the request of the District Attorney, the Police Jury paid one-half of the amount representing the employer's contribution and interest thereon, as well as one-half of the amount of the actuarial cost balance necessary to obtain the prior service credit for each of the employees in question. The District Attorney's office has paid the other half of each of these amounts. Specifically, your questions to us pertain to the appropriateness of these payments by the Police Jury and the District Attorney, and can be summarized as follows:
 1. Can the Avoyelles Parish District Attorney's Office pay any portion of the balance of the actuarial costs not attributable to contributions and interest for the purchase of prior retirement service credit for employees of the District Attorney's Office?
 2. Can the Avoyelles Parish Police Jury pay any portion of the amount representing the employer's contributions and interest and or any portion of the balance of the actuarial costs not attributable to contributions and interest for the purchase of prior service credit on behalf of two employees of the Avoyelles Parish District Attorney's office?
 3. Does the payment of any of these amounts by the Avoyelles Parish Police Jury place any burden upon the Police Jury to make similar payments for the benefit of other employees in the same position?
We have examined the laws applicable and the Parochial Employees Retirement System, and we have, as previously noted, discussed this matter with Mr. Thomas Sims, the Administrative Director of the Parochial Employees Retirement System. It is our understanding that since the Parochial Employees Retirement System was created in 1953, it has been mandatory that parish employees be members of the system. It is our further understanding that in general, District Attorney's Office employees, other than the District Attorney and all Assistant District Attorneys, are required to be members of the Parochial Employees Retirement System.
We call your attention to LSA-R.S. 11:1939, which pertains to persons not properly enrolled as members of the Parochial Employees retirement System. LSA-R.S. 11:1939 provides:
 "Any person whose membership in the system was a mandatory condition of employment but was not enrolled as a member due to administrative error, may upon application receive credit for the time such person was otherwise eligible for membership. The person's employer must certify the inclusive dates of employment and the salary earned by the member during these dates, or the person shall submit other evidence in lieu thereof as shall be requested by the board. The person, his employer, and any other person submitting evidence on his behalf, shall certify all evidence by an affidavit in authentic form. Should any facts or evidence not be true which would disqualify him from benefits, the person shall lose all rights to any benefits from this system. In order to receive this credit the person and the employer shall pay the greater of: an amount equal to the employee and employer contributions which would have been paid had the person enrolled at the time of employment, plus interest as determined by the board, which shall be not less than seven percent compounded annually, or an amount which, on an actuarial basis, totally offsets the increase in accrued liability of the system resulting from the receipt of the credit for the person. The amount payable shall be calculated by use of the actuarial funding method, assumptions, and tables in use by the system at the time of the person's application for credit." (Emphasis added).
In accordance with LSA-R.S. 11:1939, a person whose membership in the Parochial Employees Retirement System was mandatory, but who was not enrolled due to administrative error, may, upon application, receive retirement credit for the time of eligibility. This office has not been advised as to why the employees in question were not enrolled in the Parochial Employees Retirement System. We assume, in order that we may address the issues raised in your opinion request, that the employees in question were not enrolled due to administrative error on the part of the District Attorney's office.
If the employees in question were not enrolled due to an administrative error on the part of the District Attorney's Office, then we see no reason why the District Attorney's Office should not monetarily contribute a portion of the balance of the actuarial costs not attributable to contributions and interest for the purchase of the employees prior retirement service credit. We note that LSA-R.S. 11:1939
contemplates payment by "the person and the employer". In our opinion, such an arrangement is equitable in a situation where an employee has been denied the ability to contribute toward his or her retirement through the fault or error of his or her employer. Potentially, the employer in such a situation could face legal proceedings for damages suffered by an employee who was wrongly placed in such a position. Indeed, Mr. Sims, of the Parochial Employees Retirement System, advises us that in practice, the amount the employer will contribute toward the purchase of such retirement credit is generally determined by negotiation between the employer and the employee.
We do feel compelled to point out that if the employees in question failed to enroll for any reason other than an administrative error on the part the District's Attorney's Office then they would not be able to avail themselves of this provision regarding reenrollment. Our opinion in this regard is based upon Act No. 674 of 1991, which rewrote the first the initial sentence of LSA-R.S. 33:6132 (now LSA-R.S. 11:1939) which had previously read: "Any person who was eligible for membership but was not enrolled as a member for whatever reason may upon application receive credit for the time such person was otherwise eligible for membership."
Turning to the second issue raise by your request, we note your advice that the Avoyelles Parish Police Jury provides funding to the District Attorney's Office for its operation. As such, to the extent that the District Attorney's Office properly pays an amount toward obtaining prior service credit for the employees in question, the Police Jury will indirectly contribute to that purchase when it provides funding to the District Attorney's office. We see no reason why it would be prohibited from providing this funding directly, if it so chooses.
In response to your final question, however, we caution the Police Jury that directly contributing to the purchase of prior retirement service credit on behalf of these employees may very well subject the Parish to claims by other, similarly situated parish employees. While this office is not in a position to opine upon the likelihood of the success of such potential claims, there is no doubt but that claims for equal treatment under the law are often brought to the attention of the courts. The Police Jury's direct contribution on behalf of some employees opens the door to accusations and lawsuits for denial of equal treatment by other employees.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam